**WHITTIER et ux. v. ROBISON et al.**

**No. 3815.**

Court of Civil Appeals of Texas. Texarkana.

March 4, 1930.

Rehearing Denied March 27, 1930.

960

I. C. Underwood, of Marshall, for appellants.

H. T. Lyttleton and Barret Gibson, both of Marshall, for appellees.

WILLSON, C. J. (after stating the case as above).

As we view the record, the controverted questions at the trial were as to whether the possession and use it appeared the Robisons had of the land were exclusive or not, and, if exclusive, whether such possession and use were permissive or adverse, or both, within the meaning of the statute (article 5515, R. S. 1925); and, if both, when the permissive possession was repudiated to the knowledge of the Whittiers and when the adverse possession and use began, and how long same continued.

■■ The second one of the two issues referred to in the statement above as having been submitted to the jury was in identically the same language as the first one of three special issues appellants requested the court to submit to them. The court refused appellants' request so far as it was to give the other two issues—one of which, had it been given, would have required the jury to find, if Robison's possession was permissive, whether or not he repudiated same by some hostile act brought to the knowledge of the Whittiers; and the other of which would have required them, if they found Robison's possession was permissive and that he repudiated same, to find "when and how he did so, giving the facts."

The three requested issues were so framed as to be dependent upon each other, and we think the court either should not have given any of them or should have given all of them after so correcting the third one as to require the jury to find no more than the time when Robison repudiated such permissive possession, if he did. We do not agree with the Whittiers in their contention that the two issues submitted to the jury and their findings thereon were contradictory of each other, and for that reason could not be made the basis of a judgment; but we think the action of the court in giving only the first one of the three requested issues in connection with the issue and the definitions and explanation thereof he himself formulated and gave was so calculated to confuse and mislead the jury

to the prejudice of rights of appellants as to entitle them to a new trial of the cause.

■■ As is noted in the statement above, the jury found in response to the second one of the two issues submitted to them that Sam Robison went into possession of the land by permission of the Whittiers. Appellants insist there was no evidence showing that said Robison ever repudiated such possession, while appellees insist there was no evidence showing Robison's possession ever to have been permissive and not adverse. As we view the record, neither the contention of appellants nor that of appellees is tenable. Appellants' contention is refuted by the testimony of the witness Beck that Sam Robison told him he bought the land of the Whittiers and said Beck's testimony that appellant Albert Whittier told him he had sold the land to Robison, and by other testimony. And the contention of appellees is refuted by testimony of the witness Fanny Fields, daughter of Sam Robison by his first wife, that she never heard her father claim ownership of the land, but, on the contrary, heard him declare same belonged, not to him, but to the Whittiers; by the testimony of Lonnie Lias that Sam Robison about a year before he died told him that the land belonged to appellant Helen Whittier; and perhaps by other testimony. But we have found no testimony in the record which satisfactorily shows, as we view it, when, if ever, Robison repudiated the permissive possession the jury found he had of the land, and when, if ever, the Whittiers became chargeable with knowledge of such repudiation, if there was any.

■ Over the Whittiers' objection the court permitted the witnesses Beck, Amos Jones, and Will Jones to testify as to statements made by the Whittiers and Sam Jones in regard to a claimed parol sale of the land by the former to the latter. It appears from qualifications the court made to bills of exceptions that, when the testimony was admitted, the jury were instructed not to consider it as evidence of any right in Robison as a purchaser, but only on the issue as to whether his possession of the land was adverse or not. We think the testimony was admissible for the purpose specified, and that the trial court did not err when he overruled appellants' contention to the contrary.

The judgment is reversed, and the cause is remanded to the court below for a new trial.